UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:14-cv-00199-MOC

| | |
|---|---|
| **BILLIE JEAN SETTLEMYRE,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| Vs. | )    **MEMORANDUM OF DECISION**<br>) |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the court upon plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Summary Judgment. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order remanding plaintiff's claim to the Commissioner for a new hearing.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to plaintiff, from which plaintiff appealed to the Appeals Council.

Plaintiff's request for review was granted and, after review, the ALJ's decision was affirmed by the Appeals Council. Plaintiff timely filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner").

## II.     Factual Background

There appears to be no dispute as to facts underlying this action; rather, the issue before the court is whether the ALJ correctly considered those facts, the medical and vocational evidence, and the testimony. The court adopts the factual recitations of both the plaintiff and defendant and incorporates such as if fully set forth.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is not.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

    a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

    b. An individual who does not have a "severe impairment" will not be found to be disabled;

    c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d.  If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e.  If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(b)-(f). In this case, the Commissioner determined plaintiff's claim at the fifth step of the sequential evaluation process.

**C.  The Administrative Decision**

In rendering its decision, the Appeals Council affirmed the ALJ's application of the five-step sequential evaluation process. At step one, the ALJ found that plaintiff had worked after her alleged onset date, but that this work activity did not rise to the level of substantial gainful activity. Tr. 30. At step two, the ALJ found that plaintiff had severe impairments. Tr. 30-31. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 31-32. The ALJ then determined that plaintiff had the residual functional capacity ("RFC") to perform a limited range of sedentary work. Tr. 18-23. At step four, the ALJ found that plaintiff could no longer perform her past relevant work, Tr. 32-37, which was as an auto inspector and data entry clerk. Tr.

81. At step five, the ALJ employed a vocational expert ("VE"), and determined that plaintiff could perform work that existed in significant numbers in the national economy. Tr. 37-38. The Appeals Council concurred with and affirmed the decision of the ALJ, making the Appeals Council's decision the final decision of the Commissioner.

> D. Discussion
>
> > 1. First Assignment of Error

Plaintiff first contends that the Commissioner failed to give a full function-by-function analysis of the non-exertional mental functions associated with plaintiff's anxiety, depression, and ADHD, but instead made a generic finding that she was limited to simple, routine, repetitive tasks. The ALJ found that plaintiff suffered from the following limitations in the broad areas of functioning set out in the disability regulations for evaluating mental disorders and in the mental disorders listings in 20 CFR, Part 404, Subpart P, Appendix 1: mild restriction in activities of daily living; mild difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation, each of extended duration. Tr. 31. The Appeals Council adopted those findings. Tr. 5.

In responding to plaintiff's argument that the ALJ failed to give a complete function-by-function analysis of the non-exertional mental functions associated with her severe impairments of anxiety and depression, the Commissioner contends that she complied with SSR 96-8p by giving consideration to plaintiff's mental limitations on a function-by-function basis, and then considered mental abilities that were affected by plaintiff's impairments.

The Commissioner argues that the ALJ's analysis was sufficient because the Appeals Council referenced and discussed an opinion from Dr. Duszlak (a consultative examiner), noting that she had found that plaintiff retained the ability to perform simple and repetitive tasks, to accept instructions from supervisors and would likely carry them out, and that she would interact reasonably well with coworkers and the public. Tr. 5 & 396. The Commissioner also points to the ALJ's determination, in which he considered the opinions of state agency psychological consultants, who in turn found that while plaintiff had memory and understanding limitations, she could understand and remember simple directions, that her ability to make simple work-related decisions was not significantly limited, her ability to work in coordination with or in proximately to others without being distracted was not significantly limited, and her ability to respond appropriately to changes in the work setting was moderately limited, but that she could adapt to a variety of simple tasks

and sustain concentration to perform simple tasks. Tr. 36 & 145-147. The ALJ determined, as follows:

> In assessing the claimant's residual functional capacity I have also considered the findings of the state agency medical consultants. As those of non-examining physicians and psychologists, their opinions are not entitled to controlling weight, but must be considered and weighed as those of highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Social Security Act. SSR 96-6p. The state agency medical consultants concluded that the claimant was able to meet the mental demands of work with simple, routine, repetitive tasks, and that she was able to meet the physical demands of "light" work that did not require more than frequent climbing of ramps/stairs; no climbing of ladders/ropes/scaffolds; or more than occasional stooping, kneeling, crouching or crawling, or concentrated exposure to workplace hazards (Exhibit 6A). I have given partial weight to this opinion, finding additional limitations based on more recent evidence, including giving some weight to the claimant's testimony.

Tr. 36. The Appeals Council adopted this reasoning and, as the Commissioner argues, added that Dr. Duszlak had determined through her consultative exam that plaintiff was likely to carry out work instructions and could interact reasonably well with coworkers.

Thus, the issue squarely before this court is whether the ALJ's explanation and, in turn, the Appeals Council's reliance on Dr. Duszlak's opinion satisfies the requirement under current case law that the Commissioner explain the work conditions under which a person with non-exertional limitations could perform a full

day's work for a full work week, to wit, the conditions precedent to "staying-on-task."

Clearly, generic or boilerplate findings by an ALJ that a claimant is capable of simple, routine, repetitive tasks is no longer sufficient under SSR 96-8p.

> [W]e agree with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.' Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). While the court agrees with the Commissioner that an ALJ may satisfy this requirement by referencing a properly conducted function-by-function analysis of state agency consultants, Linares v. Colvin, 5:14cv120-GCM, at 6-7 (W.D.N.C. July 17, 2015), the Mascio court distinguished the "ability to perform simple tasks from the ability to stay on task," and explained that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." Mascio, supra. Ultimately, the appellate court remanded the final decision of the Commissioner in Mascio because it found that moderate limitations in concentration, persistence, and pace are not adequately accounted for in an RFC that only limits the claimant to "simple, routine

tasks or unskilled work." Id. While the ALJ here makes reference to limitations found by state agency consultants, the workplace limitations mentioned by the ALJ are clearly exertional restrictions. The ALJ's written decision did not describe the work environment required by the non-exertional/mental health limitations of this plaintiff. Further, the hypothetical posed to the VE at the hearing is equally uninformative:

> Q Okay. Assume we have a hypothetical person whose age ranges from 42 to 47, who has a 12th grade education and can perform sedentary work, who would need to change position twice an hour and who can do simple, repetitive tasks and non [-] production steady. Are there any jobs such a person can perform?

Tr. 82.

Next, the court has also considered the Appeals Council's decision, which cites to and incorporates findings of Dr. Duszlak. In particular, the Appeals Council found helpful her determination that plaintiff was likely to carry out work instructions and could interact reasonably well with coworkers. While the ability to carry out instructions and interact socially are certainly important slices of the workplace pie, they do not fully inform this court of the restrictions of a work place that would be compatible with this particular plaintiff's mental limitations. The fundamental question raised by Mascio is what type of work environment would allow this claimant to "stay on task" for eight hours a day, five days a week. While

the ability to carry out tasks and get along with others are building blocks of any successful transition back to work, the analysis provided by the Commissioner does not inform this court of whether plaintiff's mental impairments would be compatible with the stresses of high-volume work, work that required prolonged concentration, or work that required interaction with the public. Such deficiency "'frustrate[s] meaningful review.'" Id. at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This court is mindful that the Commissioner is not only obligated to determine whether the claimant can perform work-related functions, she is also obligated to explain the claimant's "ability to perform them for a full workday. Id. at 637. The ability to perform simple, routine tasks does not always equate with the ability to stay on that task for a full work day, and while an ability to get along well with others and to carry out work instructions are important, they do not fully answer the inquiry of what type of work environment is required to accommodate this claimant's limitations in concentration, persistence, and pace, or, in other words, what type of work environment is needed for a successful transition back to work. Only when that question is answered can the ALJ determine whether there are any jobs in the national economy that this claimant can perform when all of her limitations are considered.

In looking at the jobs the VE opined plaintiff could perform (eye glass polisher, document preparer, and order clerk), the court has little evidence before it of typical work conditions of those jobs and it is clear that the VE was not provided with an adequate description of the type of work environment plaintiff's mental health concerns would require. See Transcript at 81- 82. The only mental health or non-exertional restriction the ALJ posed in his hypothetical to the VE was that claimant's "depression limits her to sedentary work with only simple, routine, repetitive tasks," which as the appellate court found in Mascio, does nothing to account for a claimant's limitations in concentration, persistence, and pace. Id. at 638.

While the court notes that the Commissioner's final decision predated Mascio, the court will remand this matter for a new hearing consistent with the requirements of the appellate court's decision.

### 2. Remaining Assignments of Error

The court will not review the remaining assignments of error as it appears that the final determination of the Commissioner does not conform to the requirements of Mascio, resulting in a new hearing.

E.  **Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error.  Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence.  See Richardson v. Perales, supra; Hays v. Sullivan, supra.  Finding that there was not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed and remanded for a new hearing.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1)  the decision of the Commissioner, denying the relief sought by plaintiff, is **REVERSED**;

(2)  the plaintiff's Motion for Summary Judgment (#10) is **GRANTED**;

(3)  the Commissioner's Motion for Summary Judgment (#14) is **DENIED**;

(4)  this matter is **REMANDED** to the Commissioner for a new hearing; and

(5) this action is **DISMISSED**.

Signed: September 16, 2015

Max O. Cogburn Jr.
United States District Judge